```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

ELDRED T. GREEN,

                Plaintiff,         1:17-cv-00853-MAT
         -v-                       DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

## INTRODUCTION

Eldred T. Green ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion is denied.

## PROCEDURAL BACKGROUND

On September 24, 2013, Plaintiff protectively filed for DIB, alleging disability beginning November 18, 2011. Administrative Transcript ("T.") 88. The claim was initially denied on

November 26, 2013, and Plaintiff timely requested a hearing. T. 100-13. On January 28, 2016, a hearing was conducted in Buffalo, New York by administrative law judge ("ALJ") Stephen Cordovani. T. 10-55. Plaintiff appeared with his attorney and testified. An impartial vocational expert ("VE") also testified via telephone.

The ALJ issued an unfavorable decision on April 11, 2016. T. 63-78. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 169. The Appeals Council denied Plaintiff's request for review on June 30, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 68.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff suffered from the "severe" impairments of neck herniations with radiation to the left hand, low back disorder, status-post discectomy with herniations, right knee disorder, and headaches. *Id*. The ALJ

determined that Plaintiff's possible gastrointestinal problems and hypertension were non-severe and no more than minimally affected Plaintiff's ability to work full-time. T. 68-69. The ALJ also determined there was insufficient evidence of limitations due to a shoulder impairment Plaintiff alleged at the hearing. T. 69.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following additional limitations: can occasionally climb ramps and stairs; can occasionally kneel, crouch and crawl; cannot climb ladders, ropes, or scaffolds; cannot work at unprotected heights or around dangerous machinery; can occasionally perform overhead work; can frequently reach, handle, and finger with the left non-dominant hand; and must be able to alternate sitting and standing at will. T. 70.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 77. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can

perform, including the representative occupations of inspector and surveillance system monitor. T. 78. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id.*

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

4

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted because the ALJ's decision is unsupported by substantial evidence and based on an erroneous legal standard. Specifically, Plaintiff argues that: (1) his hearing testimony demonstrates he is unable to perform any work at the sedentary exertional level on a regular and continuing basis; (2) the RFC finding that Plaintiff is able to perform frequent reaching, handling, and fingering with the left, non-dominant hand is unsupported by the evidence of record; (3) the RFC finding fails to include any non-exertional limitations for Plaintiff's headaches, which were deemed to be a severe impairment; (4) the finding that Plaintiff's spinal impairments do not meet or medically equal the criteria for Listing 1.04A is unsupported by substantial evidence of record; and (5) subsequent evidence submitted to the Appeals Council demonstrated Plaintiff's right shoulder impairment would significantly impair Plaintiff's ability to perform fine manipulations with the right dominant upper extremity and thus warrants remand.

For the reasons discussed below, the Court finds remand of this matter is warranted for further administrative proceedings, including the proper consideration of additional evidence submitted subsequent to the ALJ's decision, and the inclusion of limitations related to Plaintiff's headaches in the RFC assessment.

## I. Additional Evidence Submitted to the Appeals Council for Review

After the ALJ issued his decision, Plaintiff submitted medical records from Excelsior Orthopedics, LLP, dated April 14, 2016 through May 18, 2016, and medical records from Buffalo Neurosurgery, dated January 1, 2016 through May 19, 2016. T. 526-39, 546-66. Plaintiff argues that this additional evidence demonstrates Plaintiff's right shoulder impairment would significantly affect Plaintiff's ability to perform fine manipulations and thus, undercuts the ALJ's RFC finding, warranting remand. Upon review of the record, it is unclear whether the Appeals Council actually considered this additional evidence prior to denying Plaintiff's request for review on June 30, 2017. For the reasons discussed below, the Court finds this ambiguity in the record requires remand.

The Commissioner's regulations applicable to Plaintiff's claim provide that a claimant may submit new and material evidence to the Appeals Council following an adverse ALJ disability determination without any showing of good cause. 20 C.F.R. §§ 404.970(b), 416.1470(b). Furthermore, the Appeals Council "shall" consider "new" and "material" evidence that relates to the period on or before the date of the ALJ hearing decision. *Id*. A claimant must show that the proffered evidence is (1) "'new' and not merely cumulative of what is already in the record," and that it is (2) "material, that is, both relevant to the claimant's condition

during the time period for which benefits were denied and probative." *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (internal citations omitted). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

Here, the additional evidence in question is a collection of progress notes and treatment records pertaining to Plaintiff's alleged shoulder limitations (T. 527-66), which were not included in Plaintiff's initial application, but brought to the ALJ's attention at the hearing. *See* T. 15. In his decision, the ALJ found that there was insufficient evidence that Plaintiff had any limitations due to a shoulder impairment. T. 69.

In correspondence to Plaintiff denying his request for review, the Appeals Council acknowledged receipt of documents they received in connection with Plaintiff's appeal. The documents were listed on the AC Exhibits List as "Exhibit 14B - Request for Review from William C. Bernhardi received June 8, 2016" and "Exhibit 10E - Letter dated July 19, 2016 from Jennifer M. Dillon (4 pages)". T. 4. These named exhibits do not include any reference to the additional medical records (T. 527-66) that are discussed in both parties' briefs.

7

Typically when the Appeals Council receives and considers additional evidence, their receipt and consideration of the evidence is made explicit in their subsequent decision. *See e.g.*, *Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at *8 (W.D.N.Y. Aug. 7, 2018) ("Appeals Council denied review, finding that the new evidence was not material because it did not relate to the period at issue."); *Hightower v. Colvin*, No. 12-CV-6475T, 2013 WL 3784155, at *4 (W.D.N.Y. July 18, 2013) ("[T]he notice of the Appeals Council action stated that '[it] considered the reasons you disagree with the decision and the additional evidence. . .'"); *Green v. Barnhart*, No. 07-CV-0023, 2009 WL 68828, at *9 (W.D.N.Y. Jan. 6, 2009) (In its "Notice of Appeals Council Action" letter, the Appeals Council stated: "'This new evidence does not show that you have any limitations beyond those found by the Administrative Law Judge.'"). In this case, the Appeals Council included no such explicit language referencing the new medical evidence in its decision letter, and did not include the new medical evidence on the list of exhibits it considered. *See* T. 1-5. Accordingly, the record contains no indication that the Appeals Council ever considered the additional medical evidence in question, and thus, remand is required. *See Knepple-Hodyno v. Astrue*, 2012 WL 3930442, at *9 (E.D.N.Y. Sept 10, 2012) (remanding for further proceedings where the Appeals Council did not explain why it did not afford controlling weight to new evidence from

8

treating physicians (citing *Lucas v. Astrue*, 2009 WL 3334345, at *5 (N.D.N.Y. Oct. 14, 2009)); *Bailey v. Astrue*, 815 F. Supp. 2d 590, 600 (E.D.N.Y. 2011) (remanding for consideration of new evidence); *Romero v. Astrue*, No. CIV 08-544-TUC-CKJ, 2009 WL 4693914, at *10 (D. Ariz. Dec. 4, 2009) (remanding for further proceedings because submitted evidence was not included for consideration by the Appeals Council and stating that "[n]o mention of this new evidence was made in the Appeals Council action denying review.").

To the extent the Commissioner argues that remand is not warranted because the additional material submitted by Plaintiff would not have reasonably been expected to change the ALJ's determination, the Court disagrees. As noted above, the ALJ's findings regarding Plaintiff's claim of a shoulder impairment were premised on a lack of evidence. The new material submitted by Plaintiff provides additional evidence, showing that Plaintiff was suffering from a partial rotator cuff tear during the relevant time period. T. 528-39. Plaintiff is entitled to have this evidence reviewed by the Commissioner and considered in connection with his claim.

**II. Failure to Incorporate Non-Exertional Limitations Related to Plaintiff's Headaches into the RFC Finding**

Plaintiff also argues the ALJ's failure to incorporate non-exertional limitations relating to Plaintiff's constant daily headaches into the RFC finding was error and requires remand. The

ALJ's omission of Plaintiff's headaches in his RFC assessment, despite finding them a severe impairment, also warrants remand.

Plaintiff suffered a cervical injury in a motor vehicle accident on November 5, 2009, when he was rear-ended by another vehicle. T. 257-60. In October 2010, Plaintiff began treating with neurosurgeon, Dr. James G. Egnatchik, for the lingering symptoms from the November 2009 accident, including constant head, neck and shoulder pain, loss of strength and numbness in his left arm and hand, tingling in his left pinky finger, tremors in his left hand, and constant headaches. T. 326. On October 28, 2010, following review of an updated MRI, Dr. Egnatchik opined Plaintiff had a 75% marked permanent disability and stated his surgical recommendation would be an anterior cervical discectomy and fusion at levels C4-5, C5-6, and C6-7. T. 324. However, at a follow-up appointment in January 2011, Dr. Egnatchik advised Plaintiff he did not recommend surgery because there would be no guarantee the surgery would help with Plaintiff's symptoms. T. 322.

Plaintiff continued to see Dr. Egnatchik for follow-up appointments and to address worsening symptoms through the relevant period. *See* T. 308-320, 490-91. These records demonstrate Plaintiff's continued and worsening complaints of daily headaches, left arm pain with numbness and tingling, and trouble sleeping.

At the hearing, Plaintiff testified that Dr. Egnatchik advised Plaintiff his headaches were caused by one of his herniated discs

blocking the flow of spinal fluid - a result of the cervical injury sustained in the 2009 motor vehicle accident. T. 31. Plaintiff testified that his headaches got worse as the day progressed. T. 23. He also testified that when he performed accommodated "light duty" work for the eighteen months following the motor vehicle accident, he had to take one to two breaks per day to lie down for thirty to forty-five minutes at a time, in addition to his regularly scheduled breaks, due to his symptoms. *Id*. The accommodated "light duty" work restriction came to an end when Plaintiff was unable to return to full and strenuous duty, per his contract. T. 21.

In his decision, the ALJ found Plaintiff also suffered from the severe impairment of headaches, in addition to other severe impairments. T. 68. He also found that while Plaintiff may experience some pain and discomfort, mild to moderate pain or discomfort is not, in itself, incompatible with the performance of sustained work activity. T. 76. Apart from finding Plaintiff's headaches a severe impairment and noting their inclusion in the medical records, the ALJ made no further mention of Plaintiff's headaches or their impact on his functional capacity in his decision. The Court finds this was error.

When finding an impairment severe at step two of the sequential analysis, the ALJ is, by definition, finding that the impairment significantly limits the claimant's physical or mental

11

ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(c). Moreover, when determining a claimant's RFC at step three, the ALJ must consider all of a claimant's impairments, whether severe or not. *See* 20 C.F.R. §§ 404.1520(e) and 404.1545; *see also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). A claimant's RFC is defined as "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis...." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, at *2). The ALJ's RFC assessment must include a discussion of the claimant's physical and mental abilities, pain, symptomatology, and other limitations impacting the claimant's ability to perform work-related activities for "8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see* also 20 C.F.R. § 404.1545(a). It is well-settled that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, at *7. While the ALJ is not required to discuss every complaint raised by the claimant in the medical record, he must specifically address limitations or conditions for which there is substantial record evidence. *Ellis v. Colvin*, 29 F. Supp. 3d 288, 300 (W.D.N.Y. 2014) (internal citation omitted). Furthermore, an RFC finding that fails to incorporate all of a

claimant's non-exertional limitations which are evidenced in the record is unsupported by substantial evidence. *See Rosario v. Colvin*, No. 1:14-CV-00191 (MAT), 2016 WL 2342008, at *2-3 (W.D.N.Y. May 4, 2014) (remanding where ALJ failed to incorporate all of plaintiff's non-exertional limitations into the RFC finding).

Here, at step two, the ALJ found that Plaintiff's severe impairments included headaches. T. 68. In doing so, the ALJ acknowledged that Plaintiff's headaches impacted his capacity to perform work-related functions. However, when completing the RFC assessment, the ALJ included no meaningful discussion of the impact of Plaintiff's headaches or of any limitations associated therewith. As discussed above, when making an RFC finding, the ALJ must provide a narrative discussion that includes evidence supporting his conclusions, specifically addressing the limitations or conditions for which there is substantial record evidence. *See* SSR 96-8p; *see also Ellis,* 29 F. Supp. 3d at 300. Here, instead of providing a meaningful discussion, the ALJ simply referenced Plaintiff's headaches in various treatment note summaries, made the generic statement that Plaintiff "may experience some degree of pain and discomfort[,]" (T. 76) and summarily concluded that "[n]either objective medical evidence nor the testimony of the claimant establishes abnormalities, which would preclude him from performing at the residual functional capacity as assessed above."

*Id*. The Court finds the ALJ's failure to meaningfully consider the record evidence regarding Plaintiff's headaches was error.

Insofar as the Commissioner argues that no specific functional limitations are warranted by the assessment of severe headaches, and that in this Circuit, the step two component of the process has only a *de minimis* standard, intended "to screen out the very weakest" of claims, citing *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014), the Court does not find this argument persuasive in the context of this case. *McIntyre* stands for the proposition that the finding of a severe impairment at step two does not necessitate the ultimate finding that such impairment is disabling. *Id.* at 151. *McIntyre* does not, however, relieve the ALJ of his or her well-established duty to discuss the claimant's physical and mental abilities, pain, symptomatology, and other limitations impacting the claimant's ability to work in the RFC assessment. *See Melville*, 198 F.3d at 52.

On remand, the ALJ should affirmatively consider the evidence of record regarding Plaintiff's headaches, and provide an explanation regarding his conclusion as to whether that evidence warrants the inclusion of non-exertional limitations in the RFC assessment.

### III. Plaintiff's Additional Arguments

Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining arguments

14

concerning Plaintiff's ability to perform sedentary work; Plaintiff's ability to perform reaching, handling, and fingering with his left hand; and the ALJ's assessment of Listing 1.04A.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 10) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: October 2, 2018
Rochester, New York